**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3614-19

TERRY L. BROWN,

     Plaintiff-Appellant,

v.

GARETT FOROSISKY, M.D.,[1]
and INSPIRA MEDICAL CENTER
VINELAND,

     Defendants-Respondents.

_____

        Argued September 1, 2021 – Decided  September 10, 2021

        Before Judges Geiger and Mitterhoff.

        On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Docket No. L-0305-19.

        Emeka Igwe argued the cause for appellant.

        Mark A. Petraske argued the cause for respondent Garett Forosisky, M.D. (Dughi, Hewit & Domalewski,

---

[1]  This name is spelled "Garrett" in some parts of the record and "Garett" in others.  For consistency, we use the name as "Garett" because it appears both in the motion judge's written opinion and the caption of the original complaint.

PC, attorneys; Mark A. Petraske, of counsel and on the brief; Ryan A. Notarangelo, on the brief).

Morgan Rose Montano argued the cause for respondent Inspira Medical Center Vineland (Grossman, Heavy & Halpin, PC, attorneys; Morgan Rose Montano, on the brief).

PER CURIAM

In this medical malpractice case, plaintiff Terry L. Brown appeals from a March 17, 2020 order dismissing his complaint against defendants, Dr. Garett Forosisky and Inspira Medical Center Vineland, due to plaintiff's failure to comply with the Affidavit of Merit (AOM) statute, N.J.S.A. 2A:53A-26 to -29. He also appeals from an April 9, 2020 order denying his motion for reconsideration. Because we agree with Judge James R. Swift that plaintiff was non-compliant with the strict requirements of the AOM statute, we affirm for the reasons in his written opinion. We add only the following brief remarks.

We discern the following facts from the limited record before us. On May 15, 2017, plaintiff went to the emergency room at Inspira Medical Center Vineland due to "full thickness laceration to the palmer aspect of the distal phalanx of the right thumb." Plaintiff was under the care of defendant Dr. Garett Forosisky. Plaintiff was medically screened and given a tetanus injection. Dr. Forosisky closed the laceration using simple sutures, but allegedly failed to

prescribe plaintiff antibiotics to prevent infection. Approximately one week later, plaintiff's family physician advised him that the wound was improperly sutured. After repairing the sutures, plaintiff's family physician observed a severe infection and told him to return to the emergency room. On May 22, 2017, plaintiff returned to the emergency room at Inspira Medical Center Vineland where it was determined that he required emergency surgery and "negative-pressure wound therapy" due to the severity of the infection. Plaintiff was admitted for an eleven-day inpatient stay "to clear the infection."

On May 15, 2019, plaintiff filed a complaint against defendants alleging, in count one, medical negligence and, in count two, a claim under the doctrine of respondeat superior against Inspira Medical Center Vineland. On July 29, 2019, after Inspira Medical Center Vineland filed an answer, plaintiff submitted an AOM from Dr. Bruce Charash, a Board certified specialist in internal medicine cardiology. Dr. Charash opined that the treatment provided to plaintiff deviated from the acceptable professional or occupational standard of care.

On October 21, 2019, Dr. Forosisky filed an answer. On November 22, 2019, Dr. Forosisky requested a Ferreira[2] conference be held. On December 5, 2019, Dr. Forosisky's counsel sent a letter to plaintiff's counsel objecting to the

---

[2] Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144 (2003).

AOM because Dr. Charash was not board-certified in emergency medicine. On January 3, 2020, the Ferreira conference was conducted where the parties agreed that plaintiff would have until February 18, 2020 to file an AOM that complied with N.J.S.A. 2A:53A-41.

On February 21, 2020, Dr. Forosisky filed a motion to dismiss based on plaintiff's failure to submit an AOM within 120 days of his answer. On March 6, 2020, seventeen days after the deadline, plaintiff filed an AOM authored by Dr. Marc Borenstein who is board-certified in emergency room medicine. On March 11, 2020, plaintiff filed an opposition indicating that, "[d]ue to the volume of the records . . . and Dr. Borenstein's requirement that he be provided hard copies of the records, including hard copies of the color photographs, [he] required additional time to provide" an AOM.

The judge granted the motion to dismiss. In doing so, he determined that:

> there is not a substantial prejudice to these defendants other than the additional time and expense for filing this motion resulting from plaintiff's delay. The plaintiff did take steps to comply. [He] filed a timely, but deficient, first AOM. Then [he] filed a sufficient, but untimely AOM. The purpose of the statute is to weed out unmeritorious claims, and plaintiff's attempts at compliance appear to satisfy that purpose. The plaintiff's efforts at compliance do give defendants reasonable notice of plaintiff's claim. . . . It is the fifth requirement [under] the doctrine of substantial compliance that plaintiff's argument ultimately fails.

4

First, plaintiff's opposition to this motion was filed only two days prior to the return date. Secondly, the delay is explained in one sentence: "Due to the volume of records in this case and Dr. Borenstein's requirement that he be provided with hard copies of the records, including hard copies of the color photographs, Dr. Borenstein required additional time to provide [p]laintiff's counsel with a complete [AOM]." Missing from this short narrative is when Dr. Borenstein was contacted, retained, and sent the records. Was plaintiff's counsel attentive to the time constraints imposed[?] Too many questions are left unanswered.

Plaintiff timely moved for reconsideration, which defendants opposed.

The judge denied plaintiff's motion for reconsideration. This appeal ensued.

On appeal, plaintiff raises the following arguments for our consideration:

POINT I

THE LOWER COURT'S DECISION MUST BE VACATED SINCE IT IS CONTRARY TO APPLICABLE STATUTORY AND COMMON LAW IN MEDICAL MALPRACTICE ACTIONS.

POINT II
THE PLAINTIFF SUBSTANTIALLY COMPLIED WITH THE [AOM STATUTE] AND THE DISMISSAL OF HIS COMPLAINT WITH PREJUDICE WAS A HARSH SANCTION.

Issues of law are reviewed de novo, according no deference to the interpretative analysis of the trial court. The Palisades at Fort Lee Condo. Ass'n, Inc. v. 100 Old Palisade, LLC, 230 N.J. 427, 442 (2017) (citing Zabilowicz v.

<u>Kelsey</u>, 200 N.J. 507, 512 (2009)).  Failure to provide an AOM "shall be deemed a failure to state a cause of action."  N.J.S.A. 2A:53A-29.  Thus, a dismissal for failure to provide a timely AOM is reviewed de novo.  See <u>Bacon v. N.J. State Dep't of Educ.</u>, 443 N.J. Super. 24, 33 (App. Div. 2015) (employing a plenary standard of review over a trial court's decision to grant a motion to dismiss for failure to state a claim (citing <u>Rezem Fam. Assocs., L.P. v. Borough of Millstone</u>, 423 N.J. Super. 103, 114 (App. Div. 2011))).

To establish negligence in a medical-malpractice case, a plaintiff must prove, through expert testimony, "(1) the applicable standard of care," "(2) a deviation from that standard of care," and "(3) that the deviation proximately caused the injury[.]"  <u>Gardner v. Pawliw</u>, 150 N.J. 359, 375 (1997).  "The submission of an appropriate [AOM] is considered an element of the claim."  <u>Meehan v. Antonellis</u>, 226 N.J. 216, 228 (2016).  It is well-established that:

> [i]n any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within [sixty] days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment

6

practices. The court may grant no more than one additional period, not to exceed [sixty] days, to file the affidavit pursuant to this section, upon a finding of good cause.

[N.J.S.A. 2A:53A-27.]

Thus, "[f]ailure to submit an appropriate affidavit ordinarily requires dismissal of the complaint with prejudice." Meehan, 226 N.J. at 228 (citing Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 243 (1998)).

Preliminarily, we reject plaintiff's passing remarks that this case falls within the gambit of the "common knowledge exception." Cowley v. Virtua Health Sys., 242 N.J. 1, 16 (2020). "In the exceptionally rare cases in which the common knowledge exception applies," id. at 17, a plaintiff does not have to submit an affidavit of merit "where the carelessness of the defendant is readily apparent to anyone of average intelligence." Rosenberg v. Cahill, 99 N.J. 318, 325 (1985). Examples of circumstances falling under the common knowledge exception include a dentist extracting the wrong tooth, Hubbard v. Reed, 168 N.J. 387, 396-97 (2001), and a doctor reading specimen numbers as actual test results. Palanque v. Lambert-Woolley, 168 N.J. 398, 407-08 (2001). This case does not present one of the "exceptionally rare cases" to apply the "common knowledge exception." Cowley, 242 N.J. at 17.

Although the case is factually uncomplicated, the controlling precedent in this context is <u>Nicholas v. Mynster</u>, 213 N.J. 463 (2013). In that case, the plaintiff was treated for carbon monoxide poisoning. <u>Id.</u> at 467. The plaintiff presented expert testimony from a physician who was board certified in internal and preventative medicine, which included the treatment of carbon monoxide poisoning. <u>Ibid.</u> The defendants, however, were board-certified specialists in emergency and family medicine. <u>Ibid.</u> In denying the defendants' motion for summary judgment, the trial court allowed the expert's testimony because he was an expert in the treatment given to plaintiff. <u>Id.</u> at 468.

Our Supreme Court reversed, holding that the expert presented must specialize in the same specialty as the defendant physicians. <u>Id.</u> at 482. The Court very explicitly determined that "plaintiffs cannot establish the standard of care through an expert who does not practice in the same medical specialties as defendant physicians." <u>Id.</u> at 468. In so holding, the Court noted that carbon monoxide poisoning fell within both the defendants' specialties and the expert's specialties. <u>Id.</u> at 487-88.

It is well-established "[e]mergency medicine, family medicine, internal medicine, and preventive medicine are all distinct specialty areas recognized by the American Board of Medical Specialties." <u>Id.</u> at 484. Because Dr. Forosisky

was board-certified in emergency medicine, plaintiff was required to present an AOM from a medical expert in that specialty. Id. at 468; see also N.J.S.A. 2A:53A-41(a).

Two equitable remedies exist that "temper the draconian results of an inflexible application" of the AOM statute. A.T. v. Cohen, 231 N.J. 337, 346 (2017) (quoting Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144, 151 (2003)). First, "[a] complaint will not be dismissed if the plaintiff can show that he [or she] has substantially complied with the statute." Ferreira, 178 N.J. at 151. Secondly, "a complaint will be dismissed without prejudice if there are extraordinary circumstances to explain noncompliance."[3] Ibid.

To establish substantial compliance, a plaintiff must show:

> (1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim; and (5) a reasonable explanation why there was not a strict compliance with the statute.
>
> [Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 353 (2001) (quoting Bernstein v. Bd. of Trs. of the Tchrs.' Pension and Annuity Fund, 151 N.J. Super. 71, 76-77 (App. Div. 1977)).]

---

[3] Plaintiff apparently did not argue extraordinary circumstances before the motion judge. In any event, plaintiff has not offered any evidence to support his cursory contention that extraordinary circumstances existed to justify his noncompliance.

"Establishing those elements is a heavy burden." Id. at 357.

Notwithstanding plaintiff's argument to the contrary, we agree with Judge Swift that plaintiff has failed to meet this heavy burden. Plaintiff, fully aware of the deficiency as of December 5, 2019, still tendered an untimely AOM. Even affording plaintiff the benefit of the doubt, after the January 3, 2020 conference, plaintiff had sufficient time to provide an AOM that met the statutory requirements but failed to do so. We are convinced that the record supports the judge's determination that plaintiff did not provide a reasonable explanation for his failure to provide an AOM that complied with the statute.

To the extent we have not addressed them, any remaining arguments raised by plaintiff lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION